IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE, | ) | |
| Reg. No. 27202-001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-499-RAH-CSC |
| | ) | [WO] |
| KAY IVEY, GOVERNOR OF THE | ) | |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Christopher Lee ["Lee"], an inmate incarcerated at the Talladega Federal Correctional Institution in Talladega, Alabama, brings this *pro se* 42 U.S.C. § 1983 action against Governor Kay Ivey and Attorney General Steven Marshall. This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915A.[1] The complaint reflects that Lee seeks declaratory relief under 28 U.S.C. § 2201 and maintains his claims for injunctive relief are authorized under 28 U.S.C. § 2283 and Rule 65 of the *Federal Rules of Civil Procedure.* Lee's claims concern the alleged retroactive application of an amendment made in 2000 to Ala. Code § 15-18-8 (1975). He maintains that application of Ala. Code § 15-18-8 to his sentence violates his constitutional rights. Lee further claims the statute is void for vagueness. In addition to injunctive

---

[1] Lee did not seek leave to proceed *in forma pauperis* and, instead, submitted payment of the requisite filing and administrative fees. Doc. 1. Thus, the court is obligated to screen the complaint for possible summary dismissal under 28 U.S.C. § 1915A. Specifically, the screening procedure requires that "[o]n review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—. . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2).

relief,  Lee requests an award of "such other, further and different relief as the Court deems reasonable and just." Doc. 1 at 10.

For the reasons stated herein, the undersigned finds that Lee's request for a declaratory judgment is due to be dismissed for lack of subject matter jurisdiction and that dismissal of the remaining claims for relief is appropriate under 28 U.S.C. § 1915A(b)(1).

## I.    STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation.[2]  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly

---

[2] Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   While the former 28 U.S.C. § 1915(d) permitted the court to dismissed claims *sua sponte* if the court found them frivolous or malicious, § 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process. Thus, under § 1915A, a court may *sua sponte* dismiss a prisoner's complaint prior to service.  *Hyland v. Clinton*, 3 F. App'x. 478, 479 (6th Cir. 2001) (holding district court "acted pursuant to express statutory authority under § 1915A" when it *sua sponte* dismissed fee-paid prisoner complaint).

does not exist, *id.*, or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II.   DISCUSSION

### A.   Factual Allegations

Lee sues Governor Kay Ivey and Attorney General Steven Marshall in their official capacities challenging "the retroactive and greater disadvantageous application of . . . Act 2000-759 to Ala. Code [§] 15-18-8" and to "unconstitutionally vague language in the [] statute [e]ffecting Lee." Doc. 1 at 3. Lee, who states his offense occurred on April 20, 2000—prior to enactment of the amendment to Ala. Code § 15-18-8 on May 25, 2000—challenges as a violation of the *Ex Post Facto* Clause the retroactive application of § 15-18-8 to his state sentence claiming the May 2000 amendment "had the more disadvantageous effect of increasing the maximum period of incarceration under the Split Sentence Act by [] increasing the previous split sentence maximum from the previous maximum of 15 years split 3 years to the present 20 years split 5 years maximum, a 2 year period of incarceration increase."[3] Lee also complains the language of Act 2000-759 is

---

[3] Ala. Code § 15-18-8 provides:

> (a) When a defendant is convicted of an offense, other than a sex offense involving a child as defined in Section 15-20A-4, that constitutes a Class A or Class B felony offense, and receives a and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
>
>> (1) That a defendant convicted of a Class A or Class B felony be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best.

vague where it allows courts to interpret the amendment to Ala. Code § 15-18-8 as either prospective only or retroactive. According to Lee, "[t]he language in section 3 [of the Act] is void for vagueness because it gives directions and then contradicts itself. First[,] it specifically directs that this [A]ct shall apply 'prospective only' and then obscurely adds the vague language 'shall apply only to any case in which the sentence is not final at the trial court [on the effective date of this act.]' "[4] Doc. 1 at 8–10.

### B.    Sovereign Immunity

Lee sues Defendants in their official capacities. Doc. 1 at 1–2. To the extent Lee seeks damages, Defendants are entitled to sovereign immunity from monetary damages in their official capacity. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (citation and quotation marks omitted).  Thus, a state official may not be sued in his official capacity unless the State has waived

---

(2) That a defendant convicted of a Class A, Class B, or Class C felony with an imposed sentence of greater than 15 years but not more than 20 years be confined in a prison, jail-type institution, or treatment institution for a period of three to five years for Class A or Class B felony convictions and for a period of three years for Class C felony convictions, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.

[4] *See* 2000 Alabama Laws Act 2000-759 (H.B. 30), approved May 25, 2000.

its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465

U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v.

Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that
> "the State of Alabama shall never be made a defendant in any court of law or
> equity." Ala. Const. Art. I, § 14.  The Supreme Court has recognized that this
> prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in §

1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017)

(citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).

     In light of the foregoing, Defendants are entitled to sovereign immunity under the Eleventh

Amendment for claims seeking monetary damages from them in their official capacity. *Selensky*,

619 F. App'x at 849; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th

Cir. 1994).

     **C.**     **Request for Declaratory Judgment**

     Court records establish that Lee was convicted in the United States District Court for the

Northern District of Alabama under 18 U.S.C. § 922(g)(1), felon in possession of a firearm.[5]

Judgment was entered on October 28, 2009, and Lee was committed to the custody of the Bureau

of Prisons to be imprisoned for a term of 195 months. The sentencing judge directed that Lee's

federal sentence run concurrently with his state court convictions for first degree unlawful

possession of marijuana and unlawful possession of a controlled substance entered against him in

---

[5] This court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v.
United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5
(11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999); *see also Keith v.
DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's]
Online Judicial System.") (citing Fed. R. Evid. 201).

May 2001 by the Circuit Court for Tuscaloosa County, Alabama, pursuant to his plea of guilty—
as a habitual offender—for which he received concurrent terms of twenty years, split to serve five
years in prison followed by five years on probation. *See United States v. Lee,* Criminal No. 7:08-
cr-297-AKK-GMB (N.D. Ala. 2009); *see also Lee v. Rathman*, Case No. 7:14-cv-12-VEH-HGD
(N.D. Ala. 2016) (Doc. 7 - *Respondents' Answer to Petition for Writ of Habeas Corpus*); *State v.
Lee,* CC-00-1361.

Lee seeks relief under 28 U.S.C. § 2201 for violations of his rights protected under the
Constitution. Specifically, Lee seeks issuance of a declaratory judgment under 28 U.S.C. § 2201
against state officials on the grounds that the language in Act 2000-759 regarding the effective
date of the amendment to Ala. Code § 15-18-8 is void for vagueness and that application of the
amendment to his state sentence was impermissibly retroactive in violation of the *Ex Post Facto*
Clause. *See* Doc. 1 at 3–10.

Under 28 U.S.C. § 2201, an individual is allowed to request declaratory relief "[i]n a case
of actual controversy" pending before a federal court over which the court has jurisdiction. There
is no federal cause of action created by 28 U.S.C. § 2201. The Declaratory Judgment Act, codified
at 28 U.S.C. § 2201, authorizes "[i]n a case of actual controversy within its jurisdiction . . . any
court of the United States, upon the filing of an appropriate pleading, may declare the rights and
other legal relations of any interested party seeking such declaration, whether or not further relief
is or could be sought." 28 U.S.C. § 2201. Thus, "a mere demand for declaratory relief does not by
itself establish a case or controversy necessary to confer subject matter jurisdiction." *S. Jackson &
Son v. Coffee, Sugar & Cocoa Exchange*, 24 F.3d 427, 431 (2d Cir. 1994). The declaratory
judgment statute is merely procedural and only enlarges the remedies available. *Skelly Oil Co. v.*

*Phillips Petroleum Co*., 339 U.S. 667, 671 (1950). A case or controversy, therefore, must be pled for the court to have jurisdiction over the request for a declaratory judgment.  28 U.S.C. § 2201.

"Article III, § 2, of the United States Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citations and internal quotation marks omitted). Whether an actual controversy exists in this case, the law bars use of the Declaratory Judgement Act for the purpose set forth by Lee. *Calderon v. Ashmus*, 523 U.S. 740, 746–748 (1998); *Coffman v. Breeze Corp*., 323 U .S. 316 (1945) (where petitioner seeks declaratory judgment as to the validity of a defense which may be litigated in a habeas corpus proceeding, no justiciable question exists to confer jurisdiction under 28 U.S.C. § 2201); *see also Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 245–246 (1952). In *Calderon,* the Court explained that

> [t]he disruptive effects of an action [for declaratory judgment] are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding. For we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–1842, 36 L.Ed.2d 439 (1973). As that opinion pointed out, this means that a state prisoner is required to exhaust state remedies before bringing his claim to a federal court. *Id*., at 489–491, 93 S.Ct., at 1836–1837. But if [the petitioner] is allowed to maintain the present action, he would obtain a declaration [on an issue which must be brought] in a federal habeas action without ever having shown that he has exhausted state remedies.

523 U.S. at 747–748.

Here, the controversy underlying Lee's complaint essentially seeks to ascertain whether he is entitled to habeas relief on his state sentences.  *Calderon*, 523 U.S. at 746; *Coffman*, 323 U.S. 316.  Lee seeks declaratory relief by his request that this court determine that application of the

amended statute regarding split sentences to him is unconstitutional. The *Calderon* Court further

explained that

> [t]he underlying "controversy" between petitioners and respondent is whether
> respondent is entitled to federal habeas relief setting aside his sentence or
> conviction obtained in the California courts. But no such final or conclusive
> determination was sought in this action. Instead, respondent carved out of that claim
> only the question whether, when he sought habeas relief, California would be
> governed by Chapter 153 or by Chapter 154 in defending the action. Had he brought
> a habeas action itself, he undoubtedly would have obtained such a determination,
> but he seeks to have that question determined in anticipation of seeking habeas so
> that he will be better able to know, for example, the time limits that govern the
> habeas action.

523 U.S. at 746.

Like the inmate in *Calderon*, Lee has "carved out" the issue regarding the validity of his

state sentence from a habeas action. If the court makes the declaration Lee requests, the declaration

will necessarily effect the validity of his state sentence. A judgment in favor of Lee in this action,

however, would not result in a conclusive determination. Rather, a conclusive determination

regarding the issues Lee seeks to challenge can only be gained in a habeas action, which is where

the validity of a conviction or sentence or the duration of confinement may be challenged.

*Calderon*, 523 U.S. at 747 (*citing Preiser*, 411 U.S. at 500 (1973)); *see also Wilkinson v. Dodson*,

544 U.S. 74 (2005) (recognizing that the unavailability of habeas relief, due to the statute of

limitations or the successive petition rule, is not grounds for proceeding under § 1983). And such

a declaration would necessarily impugn the validity of Lee's criminal conviction in state court

because this court would be declaring that the state court wrongfully sentenced him. Thus, to the

extent Lee's complaint seeks a declaratory judgment that his civil rights were violated by the state

sentence imposed on him in May 2001 and that his state sentence stands in violation of the

Constitution, his complaint is not only an unauthorized collateral attack but also not a justiciable

case within the meaning of Article III. *Calderon,* 523 U.S. at 749. Consequently, the court

"conclude[s] that this action for a declaratory judgment is not a justiciable case within the meaning of Article III." 523 U.S. at 749.

### D.     The Habeas Claim

To the extent Lee's claims essentially attempt to challenge the validity of the sentence entered against him by the Circuit Court for Tuscaloosa County, such claims may not proceed in this § 1983 action.[6] The relevant inquiry about the viability of Lee's claims is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction…" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, to the extent Lee's claims go to the fundamental legality of his confinement, they provide no basis for relief at this time.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed

---

[6] In support of his complaint, Lee submitted an opinion issued by the Alabama Court of Criminal Appeals on June 28, 2019, affirming the trial court's decision to summarily deny, as successive, Lee's fifth post-conviction petition challenging his 20-year sentence imposed in 2001 by the Circuit Court for Tuscaloosa County, Alabama. The appellate court addressed Lee's claim that his sentence was illegal because the trial court violated the *Ex Post Facto* Clause by applying the Split Sentence Act, as amended in May 2000, when sentencing him. The Alabama Court of Criminal Appeals concluded that Lee's claim was meritless and  affirmed the trial court's summary dismissal of his Rule 32 petition. Doc. 1-2.

under section 1983.  *Id*. at 481.  The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated.  520 U.S. at 648.  The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus.  *Id*. at 648; *see also Wilkinson*, 544 U.S. at 78;  *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Based on the foregoing, and to the extent Lee's claims represent a challenge to the constitutionality of his state court criminal conviction, a judgment for Lee would imply the invalidity of this conviction or sentence.  It is clear from the complaint that the state court judgment about which Lee complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on that judgment is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement.[7]  *Heck*, 512 U.S. at 481 (finding "habeas corpus is the exclusive remedy for a . . . prisoner who challenges"

---

[7] As explained, Lee is in federal custody serving a federal sentence for a firearm offense and that sentence was directed to run concurrently with his state court conviction for drug offenses. While the court make no determination as to whether Lee may still be considered "in custody pursuant to the judgment of a State court," to the extent Lee is, any federal habeas petition he files is subject to the procedural restrictions set forth in 28 U.S.C. § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir.2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

a conviction or sentence, "even though such a claim may come within the literal terms of §1983. . ."); *Balisok*, 520 U.S. at 645 ( finding the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.); *Perez v. Ledesma*, 401 U.S. 82, 123 (1971) (where a special statutory proceeding has been provided, *i.e.*, 28 U.S.C. § 2254, a declaratory judgment should not be granted);  *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th  Cir.1996) (holding that "the [relevant] issue," when applying *Heck*, "is not the relief sought, but the ground of the challenge.").  Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915A(b)(1).

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  This action for damages against Defendants in their official capacities be DISMISSED under 28 U.S.C. § 1915A(b)(1).

2.  This action for a declaratory judgement be DISMISSED without prejudice for lack of subjection matter jurisdiction.

3.  To the extent Plaintiff's claims seek to challenge the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Tuscaloosa County, Alabama, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) as they are not properly before the court at this time.

4.  This complaint be DISMISSED prior to service of process.

**On or before December 23, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff is advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will

not be considered by the court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 9th day of December 2020.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE