IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE, | ) | |
| Reg. No. 27202-001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:20-CV-499-RAH |
| v. | ) | |
| | ) | (WO) |
| KAY IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 9, 2020, the Magistrate Judge recommended that this case be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) because the claims presented by Plaintiff Christopher Lee are not properly before the Court at this time and this Court lacks subject matter jurisdiction over the declaratory judgment action. (Doc. 2.) On December 9, 2020, the Plaintiff filed Objections (Doc. 3) to the Report and Recommendation of the Magistrate Judge (Doc. 2). The Court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b). Upon this Court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis.

To the extent the Plaintiff objects on the basis that he is independently challenging the validity of the statute in question, the Court will specifically address this objection. In his Complaint, the Plaintiff challenges as an *ex post facto* violation of the May 25, 2000, amendment to Ala. Code § 15-18-8, the Split Sentence Act. Specifically, the Plaintiff seeks issuance of a declaratory judgment under 28 U.S.C. § 2201 that the language in Alabama Act 2000-759 regarding the effective date of the amendment to Ala. Code § 15-18-8 is void for vagueness and that application of the amendment to his state sentence was impermissibly retroactive in violation of the *ex post facto* Clause. In addition to the request for declaratory relief, Plaintiff requests an award of "such other, further and different relief as the Court deems reasonable and just."

Taking judicial notice of federal court records, the Magistrate Judge determined that the Plaintiff, an inmate in BOP custody, was convicted in the United States District Court for the Northern District of Alabama of a federal firearm offense in October 2009 and sentenced to a term of 195 months. Plaintiff's federal sentence was directed to run concurrently with his sentence for state court convictions for drug offenses entered against him in May 2001 by the Circuit Court for Tuscaloosa County, Alabama, pursuant to his plea of guilty—as a habitual offender—for which he received concurrent terms of twenty years, split to serve five years in prison followed by five years on probation.  Although it is difficult to discern

from the Complaint whether Plaintiff was still serving his state sentence, the Plaintiff states in his objection he "is under no form of custody involving [the state court case,] [he] is not attacking the state sentence, conviction or seeking a speedier release[, but seeks] to have Act 2000-759 declared unconstitutional for being an ex post facto law . . . The information provided for [Plaintiff's state court sentence] was to show the effects of Act 2000-759 and show that it was an ex post facto law." (Doc. 3, pp. 3–4.)  Plaintiff maintains he "seeks to prospectively [] enjoin the continued violations of federal law." (Doc. 3, p. 4.)

Despite Plaintiff's contention that he is independently challenging the validity of the statute in question, his complaint makes clear that he filed suit with the intent to challenge the amendment to § 15-18-8 "as applied to him" as being unconstitutional. (Doc. 1, p. 3.) That is, the Plaintiff's claims ultimately request the Court to review and declare as unconstitutional application of the challenged statute to his state court sentence. However, "[t]hat a plaintiff seeks relief under the Declaratory Judgment Act ... does not relieve him of the burden of satisfying the prerequisites for standing, since 'a declaratory judgment may only be issued in the case of an actual controversy.'" *DiMaio v. Democratic National Committee*, 520 F.3d 1299, 1301 (11th Cir. 2008) (citation omitted). For the reasons explained in the Recommendation addressing Plaintiff's request for a declaratory judgment, the Complaint fails to allege any facts that reflect an injury sufficient to satisfy Article

3

III's standing requirements nor does it allege any future injury sufficient to support a claim for declaratory relief.

Accordingly, it is ORDERED as follows:

1. The Objections (Doc. 3) are OVERRULED.

2. The Recommendation (Doc. 2) is ADOPTED.

3. This case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1).

DONE, this 22nd day of February, 2021.

                                            /s/ R. Austin Huffaker, Jr.
                                            R. AUSTIN HUFFAKER, JR.
                                            UNITED STATES DISTRICT JUDGE